JONQUIL L. URDAZ, ESQ.
Nevada Bar No.: 10783
HALL PRANGLE & SCHOONVELD, LLC
777 North Rainbow Blvd., Ste. 225
Las Vegas, NV 89107
(702) 889-6400
Fax: (702) 384-6025
jurdaz@hpslaw.com
*-and-*
EDWARD F. RUBERRY, ESQ.
VINCENT P. TOMKIEWICZ, ESQ.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois, 60661-2511
(312) 466-8000
Fax: (312) 466-8001
vincent.tomkiewicz@brg-law.net
*Attorneys for Lincoln General Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, a Pennsylvania corporation, <br><br> Plaintiff, <br><br> vs. <br><br> R&N CONSRUCTION, LLC, a Nevada Corporation, PATRICK ARSEN and ANDRIA ARSEN, individuals, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Lincoln General Insurance Company ("Lincoln General"), by its attorneys, states as follows for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, against Defendants R&N CONSTRUCTION,

LLC, ("R&N Construction"), and PATRICK ARSEN and ANDRIA ARSEN, (collectively, "Arsens"):

**PREFATORY COMMENT**

1.  This is a Declaratory Judgment action to obtain a declaration of the rights and obligations under insurance policies issued by Lincoln General to its named insured, R&N Construction. Lincoln General seeks a declaration from this Court regarding the extent of Lincoln General's rights and obligations, if any, under its policies for the allegations in the lawsuit filed by Patrick and Andria Arsen in the lawsuit titled *Patrick Arsen v. R&N Construction*, *et al.*, (District Court Clark County, Nevada, Case No. 09A582532, herein "underlying lawsuit" or "construction defect lawsuit").

2.  The underlying lawsuit arises out of the allegedly defective work in the development and construction of a home at 9826 Solar Avenue, Las Vegas, Clark County, Nevada, ("the project"). R&N Construction was the contractor for the project.

3.  Lincoln General seeks a declaration from this Court that there is no coverage under the general liability policies that Lincoln General issued to R&N Construction and that Lincoln General has no obligation under the policies to defend and/or to indemnify R&N Construction against the allegations in the underlying lawsuit.

**JURISDICTION AND VENUE**

4.  Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between Plaintiff, Lincoln General, on the one hand, and all Defendants, on the other hand; and the amount in controversy, including the potential costs of both defending and indemnifying R&N Construction substantially exceeds $75,000 exclusive of interest and costs.

5. Plaintiff Lincoln General Insurance Company is incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in York, Pennsylvania. Lincoln General was authorized to provide, and did provide, insurance to businesses in Nevada, including but not limited to, R&N Construction.

6. Defendant R&N Construction is a Nevada Limited Liability Company, and is engaged in the business of construction and development of real property in the State of Nevada. Its principal place of business is in Nevada.

7. Defendants Patrick and Andria Arsen are at all times relevant, a married couple and citizens of the State of Nevada.

8. Venue is appropriate in this District pursuant to 28 U.S.C. §§108, 1391 because a substantial part of the events giving rise to the claim occurred in Clark County, Nevada, within the District of Nevada.

## THE UNDERLYING LAWSUIT AND GENERAL ALLEGATIONS

9. In the *Complaint* in the underlying lawsuit, Patrick and Andria Arsen allege that R&N Construction was involved in the construction of the project in Las Vegas, Nevada, and filed the lawsuit seeking recovery for alleged damages.[1]

10. The lawsuit includes 4 causes of action against R&N Construction: (1) Breach of Contract; (2) Slander of Title; (3) Fraud/Intentional Misrepresentation; and (4) Breach of Contractor's Bond. (*See*, Exhibit "A," Complaint).

11. In their four-count *Complaint* the Arsens allege the following: They are the owners of the single-family home at 9826 Solar Avenue, Las Vegas, Nevada. (*Complaint*, ¶2).

---

[1] Lincoln General does not intend to imply or suggest that there is merit to the allegations in the Complaint, which have been denied in the lawsuit. Lincoln General has provided and is providing a defense to R&N Construction to the lawsuit, under reservation of its rights.

HALL PRANGLE & SCHOONVELD, LLC
RAINBOW CORPORATE CENTER
777 NORTH RAINBOW BLVD., STE. 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

R&N Construction and others were "involved in the construction and/or supervision of the construction of" the property, and "are responsible in some manner for the defects and deficiencies in the construction" of the property. (*Id.,* ¶7). R&N failed to perform pursuant to a written contract and failed to properly construct work on the project. (*Id.,* ¶18).

12. R&N Construction breached the contract with the Arsens and resulting damages include "the cost to repair the defects and deficiencies in the design and construction of the residence and improvements" in an unknown amount. (*Id.,* ¶19). In their second claim for relief, Arsen allege damages for slander of title. (*Id.,* ¶22). R&N Construction and others have falsely filed liens against the project for completion of work and for work that was not performed.

13. In the third claim for relief, the Arsens alleged that R&N Construction is liable based upon fraud and intentional misrepresentation. R&N Construction "fraudulently, willfully, maliciously, and intentionally misrepresented the amount of sub-contractor invoices by inflating said invoices and/or creating false invoices." (*Complaint*, ¶29). R&N Construction also inflated sub-contractor invoices and fees and misrepresented the value of the contract in order to induce the Arsen to enter into the contract. (*Id.,* ¶31, 32). In the fourth claim, Arsens allege that R&N Construction was required to post a surety bond in the amount of $30,000 for work on the project. Plaintiff's claim that a bond was posted in that amount and that the amount of the bond should be for the Arsens' benefit. (*Id.,* ¶36-39).

14. The Arsens seek the following damages: general and specific damages including but not limited to the costs "to identify, mitigate, cure or repair any defect or deficiencies in the design or construction" of the project. (*See*, Exhibit "A," *Complaint,* Prayer for Relief). The claim includes incidental and consequential damages proximately caused by the design and construction defects, including but not limited to "the loss of use, relocation and alternative

housing, diminished value, plus rent and lost business opportunities." (*Id.*). Arsens seek attorneys' fees, the costs of the lawsuit, interest and prejudgment interest.

## THE LINCOLN GENERAL INSURANCE POLICIES

15. Lincoln General provided general liability insurance to R&N Construction, LLC, of Nevada. During the pertinent time periods, Lincoln General issued two policies to R&N Construction (sometimes referred to collectively as the "Lincoln General Policies" or "the Policies").

16. Lincoln General provided commercial liability coverage under Policy No. 6350000475 00, for the policy period January 8, 2007, to January 8, 2008. After that, Lincoln General provided insurance under Policy No. 6350000475 01, for January 8, 2008, to January 8, 2009, (herein, "the 2007-2008 Policy" and "the 2008-2009 Policy," and collectively, "the Lincoln General Policies"). The declaration pages and forms for the policies are attached hereto as Exhibit "B," and "C," respectively.

17. The Lincoln General Policies provided Commercial General Liability coverage subject to limits of $1,000,000 per occurrence and $2,000,000 General Aggregate.

18. The insuring agreement, exclusions, conditions, forms and endorsements of the Lincoln General Policies are similar. The policy provisions set forth below are from the 2007-2008 Policy; both forms of coverage will not be set-out herein, unless there are differences.

19. The 2007-2008 Policy includes the following Insuring Agreement:

Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking

damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1 of Section II- Who is an Insured and no "employee" authorized by to you give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

(c) "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred….includes any continuation, change, or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  (d) "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured…

    (1) Reports all, or any part of the "bodily injury" or "property damage" to us or any other insurer;

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or property damage" has occurred or has begun to occur.

(*See*, Exhibit "B," ISO Form, CG 00 01 10 01).

20. The 2007-2008 Policy issued to R&N Construction provided the following relevant definitions:

**SECTION V – DEFINITIONS**

\* \* \*

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

  a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, in adequate or dangerous; or
  b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

  a. The repair, replacement, adjustment or removal of "your product" or "your work"; or
  b. Your fulfilling the terms of the contract or agreement.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

  17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

      * * *

  21. "Your product" means:
    a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
     (1) You;
     (2) Others trading under your name; or
     (3) A person or organization whose business or assets you have acquired . . .

      * * *

  "Your product" includes:
    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
    b. The providing of or failure to provide warnings or instructions.

      * * *

  22. "Your work" means:
    a. Work or operations performed by you or on your behalf; and
    b. Materials, parts or equipment furnished in connection with such work or operations.

  "Your work" includes:
    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
    b. The providing of or failure to provide warnings or instructions.

      * * *

21. Additionally, the 2007-2008 Policy issued to R&N Construction contained the following pertinent exclusions to liability coverage:

SECTION I – COVERAGES

      * * *

2. Exclusions

This insurance does not apply to:

\* \* \*

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

j. Damage To Property

"Property damage" to:
\* \* \*
(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
\* \* \*
(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> * * *
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard".
>
> k. Damage To Your Product
>
> "Property damage" to "your product" arising out of it or any part of it.
>
> l. Damage to Your Work
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.
>
> m. Damage To Impaired Property Or Property Not Physically Injured
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after is has been put to its intended use.
>
> * * *

22. The 2007-2008 Policy also contained certain exclusions to liability coverage that were added to the policy by way of endorsement:

. . .

. . .

## CONTRACTORS AMENDATORY ENDORSEMENT
## LG CG 04 01 05

### SUB-CONTRACTORS EXCLUSION

THE FOLLOWING ADDITIONAL CONDITION IS ADDED TO THE POLICY

Coverage for Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury" does not apply to any work performed on behalf of the named insured by any sub-contractor unless the following conditions are completely satisfied at the time of commencement of any work by the sub-contractor and continue until completion of all of the work by the sub-contractor:

1. The sub-contractor has a valid contractor's license for the work to be performed, where such licenses are required by the state in which the work is to be performed; and

2. The sub-contractor has in force a Commercial General Liability policy with limits that are equal to or exceed the limits provided under this policy (exception: roofing subcontractors require limits of $1,000,000 for "Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury", either as a combined or separate limit); and

3. The sub-contractor has added the named insured as an additional insured on its policy; and

4. The sub-contractor has in force Workers' Compensation and Employers Liability Coverage covering sub-contractors employees, if any.

In the event this exclusion does not apply because all of the conditions listed above are satisfied, this insurance will be excess over any other valid and collectible insurance available to the named insured from the sub-contractor.

In the event any of the conditions listed above are not satisfied, this exclusion will apply.

\* \* \*

### ROOFING EXCLUSION
### LG CG 05 01 05

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.  This insurance does not apply to "Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury" arising out of:

1.  The installation, repair or replacement of any roof including the tear down of any existing roof or portion of any roof; or
2.  Any other work performed upon any roof, including the installation, repair, or removal of any materials or products from or on any roof or any portion thereof.

B.  This exclusion shall not apply to any roofing work performed under Paragraph A.1 or A.2 on behalf of the named insured by any sub-contractor provided the following conditions are completely satisfied at the time of commencement of any work by the sub-contractor and continue until completion of all of the work by the sub-contractor:

1.  The sub-contractor has a valid contractors license in the state of operations to perform roofing work; and

2.  The sub-contractor has in force a Commercial General Liability policy with limits of at least $1,000,000 Per Occurrence for "Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury", either as a combined or separate limit; and

3.  The sub-contractor has added the named insured as an additional insured on its policy; and

4.  The sub-contractor has in force Workers' Compensation and Employers Liability Coverage covering sub-contractors employees, if any.

In the event the exclusion does not apply because all of the conditions listed in Paragraph B are met, this insurance will be excess over any other valid and collectible insurance available to the named insured from the sub-contractor.

In the event any of the conditions listed in Paragraph B are not met, this exclusion will not apply.

* * *

**FUNGI OR BACTERIA EXCLUSION**
**CG 21 67 12 04**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**  The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability**:

. . .

    **2.** **Exclusions**
This insurance does not apply to:
**Fungi or Bacteria**

        **a.** "Bodily Injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presences of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

        **b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of "fungi" or bacteria, by any insured or by any other person or entity.

    This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

\* \* \*

C. The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

\* \* \*

**CONTRACTORS AMENDATORY ENDORSEMENT**
**CLC-04/96**

**EXCLUSION – SUBSIDENCE**

**This exclusion is in addition to those contained in the policy to which this endorsement is added.**

This insurance does not apply to any claim for "bodily injury", "property damage", "personal injury" or "advertising injury" caused directly or indirectly, based on or attributed to, arising out of, resulting from, or in any manner related to the subsidence of land or soil, and any such claim for loss is excluded regardless of any other cause or event contributing concurrently or in any sequence or manner to the loss.

As used herein, "subsidence of land or soil" shall mean earth or soil movement including but not limited to, landslide, mud flow, or sinking, rising, settling,

cracking, shifting, expansion or contraction of the earth or soil, or any other movement of land or earth.

The Company shall not have any duty to defend such claim, proceeding or suit based on or attributable to, arising out of, resulting from or in any manner related to the subsidence of land or soil.

* * *

**PUNITIVE, EXEMPLARY AND EXTRACONTRACTUAL DAMAGE EXCLUSION**

The following exclusion is added:

PUNITIVE, EXEMPLARY AND EXTRACONTRACTUAL DAMAGE

This policy does not insure against or provide indemnity for fines, penalties, exemplary or punitive damages or any other type or kind of judgment or award which does not compensate the party benefitting from the award or judgment for any actual loss or damage sustained.

This exclusion applies to all coverages provided under this policy.

* * * * * * * * * *

23. The 2007-2008 Policy is similar in most respects to the 2008-2009 Policy. Specifically, the Lincoln General 2008-2009 policy contains the same relevant insuring agreement provisions; definitions; exclusions 2.b., 2.j.(1), j.(5),j.(6), 2.l., and 2.m.; and endorsements relating Roofing; Subcontractors; Punitive Damages; Fungi and Mold (except the Fungi or Bacteria exclusion under Form LG CG 07 05 04).

## GROUNDS FOR DECLARATORY JUDGMENT

## COUNT I

### (No "Property Damage" Caused by an "Occurrence")

24. Lincoln General realleges and incorporates paragraphs 1 through 23 of this Complaint for Declaratory Judgment as if fully set forth herein.

HALL PRANGLE & SCHOONVELD, LLC
RAINBOW CORPORATE CENTER
777 NORTH RAINBOW BLVD., STE. 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

25. The insuring agreements of the commercial general liability coverage of the Lincoln General Policies provided coverage only for claims that allege "property damage" caused by an "occurrence," as those terms are defined in the Policies.

26. The Arsens claim is for faulty workmanship in the construction of real property. The allegations and alleged damage do not constitute a claim for "property damage" as that term is used in the insuring agreement of the commercial general liability coverage of the Lincoln General Policies.

27. Additionally, the commercial general liability coverage of the Lincoln General Policies applies only to "property damage" caused by an "occurrence" for damage during the policy period.

28. The allegations of faulty workmanship do not allege an "occurrence" causing "property damage" as required by the insuring agreement of the commercial general liability coverage of the Lincoln General Policies.

29. Consequently, Lincoln General has no duty to defend or indemnify R&N Construction under the Lincoln General Policies against the allegations in the lawsuit.

## COUNT II

**("Property Damage" Did Not Occur During Either Policy Period)**

30. Lincoln General realleges and incorporates paragraphs 1 through 29 of this Complaint for Declaratory Judgment as if fully set forth herein.

31. The Lincoln General policies provide coverage only for "property damage" caused by an "occurrence" and only if the "property damage" occurs during the policy period. The Lincoln General Policies do not provide coverage for property damage that is continuous or progressively deteriorating and that first occurs prior to the effective date of this policy or after

the expiration of this policy; and the policies do not coverage damage that occurs after the policy period. Accordingly, there is no potential coverage for property damage that occurs after the policy periods.

32. The Arsens allege that they discovered the subject premises has been and is experiencing defective conditions, that the components are not of merchantable quality, and were not designed, erected, constructed or installed in a workmanlike manner.

33. Any allegedly defective conditions and property damage, if any, were apparent to the homeowners, after the expiration of the Lincoln General coverage.

34. Therefore, even if there was "property damage" caused by an "occurrence" as otherwise defined in the Lincoln General policies, the damage was first manifest or apparent only after the effective coverage period of the Lincoln General Policies. There is no coverage for R&N Construction under the Lincoln General Policies for the allegations in the lawsuit.

## COUNT III
### (No Coverage by Operation of Exclusions)

35. Lincoln General realleges and incorporates paragraphs 1 through 34 of this Complaint for Declaratory Judgment as if fully set forth herein.

36. Even if the Arsens' claim constituted an allegation of "property damage" caused by an "occurrence" that occurred during the effective period of the Lincoln General Policies, there is no coverage by operation of other policy provisions and exclusions.

37. The Lincoln General Policies preclude coverage under Exclusion 2.b. for "property damage" for which R&N Construction is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

38. The Lincoln General Policies exclude coverage under Exclusion 2.j.(1) for "property damage" to any property that "you own, rent, or occupy, including any costs or

expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property." To the extent that an insured owned, rented or occupied any interest in the project property, there is no coverage under the policies.

39. The Lincoln General Policies also preclude coverage under Exclusion 2.j.(5) for "property damage" to that particular part of real property on which the insured or any contractors or subcontractors working directly or indirectly on the insured's behalf are performing operations, if the "property damage" arises out of those operations, and under Exclusion 2.j.(6) for that particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

40. Additionally, the Lincoln General Policies preclude coverage under Exclusion 2.k for "property damage" to the insured's product arising out of it or any part of it, and preclude coverage under Exclusion 2.l. for "property damage" to the insured's work arising out of it or any part of it and included in the products-completed operations hazard.

41. The Lincoln General Policies also preclude coverage under Exclusion 2.m. for "property damage" to "impaired property" or property that has not been physically injured, arising out of either (1) a defect, deficiency, inadequacy or dangerous condition in the insured's product or the insured's work; or (2) a delay or failure by the insured or anyone acting on the insured's behalf to perform a contract or agreement in accordance with its terms.

42. Additionally, there is no coverage for "property damage" under the Lincoln General Policies for any work performed on behalf of R&N Construction by any sub-contractor that did not completely satisfy the requirements of the "Sub-Contractors Exclusion" set forth in Form LG CG 04 01 05.

43. The Lincoln General Policies further preclude coverage for any "property damage" as a result of roofing work as set forth in Form LG CG 05 01 05.

44. Further, there is no coverage for "bodily injury" or "property damage", or any loss, cost or expenses excluded by the "Fungi Or Bacteria" exclusion set forth in Form CG 21 67 12 04 of the Lincoln General Policies.

45. Finally, under Form L 1003 06 97 in the Lincoln General Policies, no coverage is afforded for any award of fines, penalties, exemplary or punitive damages or any other type or kind of judgment against R&N Construction that does not compensate the party benefitting from the award or judgment for any actual loss or damages sustained.

46. Pursuant to the above-quoted provisions in the Lincoln General Policies, there is no coverage for the claims for faulty workmanship in the development and construction of the home at 9826 Solar Avenue, Las Vegas, Nevada.

47. Based on the foregoing exclusions in the Lincoln General Policies, Lincoln General has no duty to defend or indemnify R&N Construction against the allegations set forth in the underlying lawsuit.

## **RELIEF SOUGHT**

48. By reason of the foregoing, an actual controversy exists between the parties and each of them, which may be determined and resolved by this Court. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the Lincoln General insurance policies under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

49. Lincoln General respectfully requests that this Honorable Court:

A. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Lincoln General Policies;

B. Find and declare that the Lincoln General Policies do not provide coverage to any portion of the allegations in the underlying lawsuit against R&N Construction;

C. Find and declare that Lincoln General has no duty to defend or indemnify R&N Construction under any of the insurance policies against the allegations in the underlying lawsuit;

D. Find and declare that Patrick and Andria Arsen are bound by this court's rulings and that they are precluded from seeking indemnification under the Lincoln General policies for any of the damage alleged in the underlying lawsuit;

. . .

. . .

. . .

. . .

     E.    Grant such other and further relief as it deems proper and just.

DATED this 1st day of November, 2010.

                    Respectfully submitted,

By:   /s/: Jonquil Urdaz
       Jonquil L. Urdaz
       Nevada Bar No. 10783
       Hall, Prangle & Schoonveld
       777 North Rainbow Boulevard, Ste. 225
       Las Vegas, Nevada 89107
       (702) 889-6400
       e-mail: JUrdaz@HPSLaw.com

Of Counsel
Edward F. Ruberry
Vincent P. Tomkiewicz
Bollinger, Ruberry & Garvey
500 West Madison Street, Suite 2300
Chicago, Illinois, 60661-2511
(312) 466-8000
(312) 466-8001 (fax)
e-mail: vincent.tomkiewicz@brg-law.net
*Attorneys for Lincoln General Insurance Company*